IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA FLEMING,<br><br>Plaintiff,<br><br>vs.<br><br>HEARTLAND FAMILY SERVICE,<br><br>Defendant. | 8:20CV486<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Filing No. 16, plaintiff's amended complaint, Filing No. 15. Defendant contends that pro se plaintiff fails to state a claim of fraud upon which relief can be granted. Further, defendant contends that plaintiff cannot state a claim for defamation for statements made by the defendant to the Equal Opportunity Commission ("EEOC").

**BACKGROUND**

Plaintiff worked for defendant for approximately 7 months. Plaintiff contends that in August of 2018, her supervisor, Joe Bauer asked all employees to prepare for upcoming evaluations. Bauer told plaintiff that her review had been delayed and it was rescheduled to December 3. However, on December 3, plaintiff's immediate boss Mindy [last name unknown], was ill. It was rescheduled to December 5. Plaintiff met with Bauer and Mindy on December 5 expecting she would go over the performance review. Instead, she was discharged on that day. She contends she was "lured" into this meeting under

1

the "guise that she would be receiving a performance review" and this caused her damage. Filing No. 15, Amended Complaint, at 6. She thereafter filed a Charge of Discrimination with the EEOC, and the EEOC ultimately dismissed her complaint.

## STANDARD OF REVIEW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007); *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In deciding a motion to dismiss under Rule 12(b)(6), a court must accept the allegations contained in the complaint as true and draw reasonable inferences in favor of the nonmoving party. *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010). Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts follow a "two-pronged approach" to evaluate Rule 12(b)(6) challenges. *Iqbal*, 556 U.S. at 679. First, a court divides the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should

2

be disregarded. *Id.* Second, the factual allegations must be parsed for facial plausibility. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677. The Court should not "incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). The question at this preliminary stage is not whether a plaintiff might be able to prove its claim, but whether it has "adequately asserted facts (as contrasted with naked legal conclusions) to support" those claims. *Id.*

The court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679. Dismissal under Rule 12(b)(6) is appropriate only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations. *O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When reviewing a pro se complaint, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. See *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Fed. R. Civ. P. 9(b) governs Plaintiff's fraud claim. Rule 9(b) provides in pertinent part: "In alleging fraud...a party must state with particularity the circumstances constituting fraud...Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Thus, a party "must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result" to satisfy Rule 9(b)'s particularity requirements. *Wheatley v. Kirkland*, No. 8:16CV148, 2016 WL 3661215, at *2 (D. Neb. July 5, 2016) (internal citations omitted). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Id.* "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (internal citation omitted).

**DISCUSSION**

The Court agrees with the defendant. The plaintiff has failed to allege any instance of fraud that is actionable in court. Plaintiff must plead with particularity "(1) that a representation was made, (2) that the representation was false, (3) that when made the representation was known to be false or made recklessly without knowledge of its truth

4

and as a positive assertion, (4) that it was made with the intention that the plaintiff should rely upon it, (5) that the plaintiff reasonably did so rely, and (6) that he or she suffered damage as a result." *Alliance Nat. Bank v. State Surety Co.*, 390 N.W.2d 487, 491 (Neb. Sup. Ct. 1986). It seems that plaintiff is upset that her performance review was delayed and that the purpose of the meeting was, according to her, not to conduct a review. There is nothing about these two contentions that rises to the level of fraud. There is no allegation that these accusations were relied on by the plaintiff nor that they in and of themselves caused damage to her. Even if true, as a matter of law these actions and allegations do not constitute fraud.

Likewise, with regard to plaintiff's allegation that defendant made libelous statements to the EEOC, the Court notes that to state such a claim, plaintiff must show that "1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Norris v. Hathaway*, 561 N.W.2d 583, 585 (Neb. App. 1997). Statements made to a judicial or quasi-judicial proceeding receive absolute immunity. *Rodgers v. Wells Fargo Bank of Neb.*, N.A., No. 8:04CV120, 2004 WL 2451450, at *2 (D. Neb. Nov. 1, 2004) ("[P]laintiff may be barred from using statements made to the Nebraska Unemployment Compensation Tribunal at trial to prove slander."); *Prokop v. Cannon*, 583 N.W.2d 51 (Neb. App. 1998) ("[A]bsolute privilege attaches to all statements, even allegedly defamatory statements, made by an attorney incident to and in the course of a judicial proceeding, if the statements have some relation to the proceedings."). Other jurisdictions have likewise held that statements to the EEOC

are not a basis for a defamation claim. *See*, e.g., *Javery v. Lockheed Martin Corp.*, No. CV 14-2644, 2018 WL 582329, at *5 (E.D. La. Jan. 29, 2018); *Thomas v. Petrulis*, 125 Ill. App. 3d 415, 423, 465 N.E.2d 1059, 1064 (1984) ("[S]tatements contained in a properly-filed EEOC charge are protected by an absolute privilege."). Accordingly, the Court finds there is no basis for a defamation claim in this case.

THEREFORE, IT IS ORDERED THAT defendant's motion to dismiss, Filing No. 16, is granted. This case is dismissed. A separate judgment will be entered in accordance with this memorandum and order.

Dated this 14th day of April, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge